O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANA MARIA LOPEZ, | ) | Case No. CV 09-7732-DTB |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER RE DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

In its July 1, 2010, Minute Order, the Court granted the Motion of plaintiff's counsel to withdraw as attorney of record. In its August 31, 2010, Order to Show Cause the Court ordered plaintiff to (a) show cause in writing, if any exists, why plaintiff has not timely retained new counsel, and why this action should not be dismissed for failure to prosecute or (b) to proceed in pro per and serve and file the Joint Stipulation on or before September 30, 2010.  The Order to Show Cause expressly forewarned plaintiff that, if she failed to do either, the Court would deem such failure a further violation of a Court order justifying dismissal and also deem such failure as further evidence of a lack of prosecution on plaintiff's part.

The deadline for plaintiff to respond to the Order to Show Cause has now lapsed, and no response has been filed by plaintiff.  Plaintiff has not filed the Joint Stipulation nor has she sought an extension of time to either file a response to the

1

1   Order to Show Cause or file the Joint Stipulation.  Fed. R. Civ. P. 41(b) provides that
2   an action may be involuntarily dismissed for failure of the plaintiff to prosecute or
3   comply with any order of the Court.  Here, plaintiff failed to file either a response to
4   the Order to Show Cause or the Joint Stipulation, despite being ordered to do so.
5   Further, plaintiff's conduct in (a) failing to file the Joint Stipulation by the filing
6   deadline or request an extension of time to do so, and (b) failing to respond to the
7   Order to Show Cause or request an extension of time to do so, despite being
8   forewarned of the consequences, evidences a lack of prosecution on her part.  In Carey
9   v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors
10  as relevant to the Court's determination whether to dismiss an action for failure to
11  prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the
12  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the
13  public policy favoring disposition of cases on their merits, and (5) the availability of
14  less drastic sanctions."  See Carey, 856 F.2d at 1440.  Here, the Court finds that the
15  first, second and fifth Carey factors militate in favor of dismissal.  As a result of
16  plaintiff's failure to file the Joint Stipulation, this action has been and will continue
17  to be stalemated.  Moreover, given the circumstances and plaintiff's pro per status, it
18  does not appear to the Court that there are any less drastic sanctions available for the
19  Court to impose.  While the Court finds that the third and fourth Carey factors do not
20  militate in favor of dismissal, the Court has concluded that the other three factors in
21  this instance outweigh the third and fourth factors.

22        It therefore is ORDERED that this action is dismissed without prejudice
23  pursuant to Federal Rule of Civil Procedure 41(b), and the Court's inherent power to
24  achieve the orderly and expeditious disposition of cases by dismissing actions for
25  failure to prosecute.  See also Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct.
26  1386, 8 L. Ed. 2d 734 (1962).

27  / / /

28  / / /

1        LET JUDGMENT BE ENTERED ACCORDINGLY.

2

3    DATED: October 19, 2010

4

5

6                                          DAVID T. BRISTOW
                                           UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3